UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOLLY M. GENTLEMAN,<br><br>           Plaintiff,<br><br>       v.<br><br>STATE UNIVERSITY OF NEW YORK – STONY BROOK,<br>           Defendant. | **ECF/CM Case**<br><br>**Case No. 16-CV-2012 (ADS) (AKT)**<br><br>**THIRD AMENDED COMPLAINT**<br><br>JURY DEMAND |

## NATURE OF THE ACTION AND THE PARTIES

1.    This is an action to redress unlawful employment practices under the Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 ("Rehabilitation Act") and state common law claim for breach of contract.

2.    Plaintiff, Dr. Molly M. Gentleman, PhD. ("Gentleman"), was an employed as a research engineer and a member of the faculty in the Department Of Materials Science and Engineering of the defendant, SUNY-Stony Brook. Gentleman's research group focuses on: the structure-property relationships for inorganic materials with a focus on oxide based ceramics, the performance of ceramic coatings for harsh environments including turbines, refrigeration and biological applications; the non-destructive characterization of ceramic coatings in thermal and environmental barriers; and the wettability and adhesion of fluids on ceramic surfaces and the fabrication of robust surfaces with tailored wettabilities.

3.    Plaintiff brings this action against the defendant, State University of New York

located in Stony Brook, New York ("SUNY-Stony Brook"), for unlawful workplace discrimination based on her disability pursuant to the Rehabilitation Act.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because the causes of action accrued in Suffolk County, New York.

6. Gentleman has satisfied all necessary pre-suit administrative requirements for federal court jurisdiction over all causes of action.

7. SUNY-Stony Brook and its various science and engineering departments are the recipients of numerous federal funds at the time of the alleged claims asserted in this complaint; therefore, the Court has jurisdiction over SUNY-Stony Brook on claims of unlawful discrimination under the Rehabilitation Act.

## FACTUAL ALLEGATIONS

8. As early as the fall of 2012, Michael Dudley, Chandrani Roy, Jason Trelewicz and Alex Orlov were on notice of Dr. Gentleman's bipolar disorder that was diagnosed when she was approximately twenty-one years-old. Not only were Dudley and Roy on notice, Gentleman sought out the assistance of Prof. Miriam Rafailovich and requested her assistance in dealing with Dudley and Roy with respect to finding a reasonable accommodation for her disability so

that she can continue with her research without disruption.

9. Gentleman's request for a reasonable accommodation was ignored and/or denied by Dudley and Roy as she was branded as a "troublemaker" after making verbal and written harassment complaints against Trelewicz and Alex Orlov for sexism and harassing behavior and for Dudley's comments about her being unable to meet the requirements of her position because of her disability.

10. On May 24, 2013, Dudley summoned the SUNY police to the campus and made a report that he knew to be false that Gentleman made comments about "getting a gun and shooting it." "[Dudley] stated Ms. Gentleman has been frustrated by stress related to work."

11. On May 28, 2013, while working with students in her lab, Gentleman was surprised and humiliated when she was approached and escorted out of my lab by officers of the SUNY Department on accusation that she made terroristic threats.

12. On her further realization of what had caused a police interview, Gentleman was disturbed to find that her objections to an April 24, 2013, coffee conversation she had with Jason Trelewicz and Alex Orlov was the primary reason.  There, Trelewicz and Orlov expressed their anger about the hiring and sharing of office space with a new woman-employee.  These were the same expressions of anger previously directed at Gentleman from Trelewicz and Orlov.  The conversation then turned to a discussion of the April 15, 2013, bombing during the Boston Marathon.  This is when Gentleman showed that she was disbursed by Trelewicz's comments placing blame on the victims of the Marathon bombing and the victims of a recent shooting at the Massachusetts Institute of Technology as being responsible for their predicament.  Gentleman

then attempted to deflect the darkness conversation by injecting light humor in the topic.

13. On speaking with the officers, Gentleman further became aware that it was Dudley who –after conspiring with Trelewicz and Orlov- summoned the police on patently accusation that she had made terroristic threats and that she was suffering from a mental disorder that was likely to cause self-harm and harm to others.

14. After an interviewing Gentleman, the police interviewer dismissed the report as being false and advised her to contact the New York State Division of Human Rights because in their view, she is the victim of a false report and workplace discrimination because of her disability.

15. The next event alleged here to have a negative impact on Gentleman's continued employment and the no-renewal of her contract was a mysterious and false report of students complaints submitted to the tenure committee by the Dean of the College Dean, Yacov Shamash. Shamash knew that submitting such a report to a tenure committee without any discussion or input from the accused faculty member is outside the standard procedures and that it is especially prejudicial to a faculty member appearing before a tenure committee. Shamash submitted such a report at the behest of Dudley, Roy, Trelewicz and Orlov jointly and severally. The mentioned defendants knew that submitting such a report to a tenure committee without any discussion or input from the accused faculty member is outside the standard procedures and that it is especially prejudicial to a faculty member regardless of the underling circumstances.

16. On November 14, 2014, Gentleman's employment was terminated with the non-renewal of her employment agreement although her she was informed by several senior

members, which include Dilip Gerasappe, Miriam Rafailovich and Perena Gouma, that although her performance was "very good" the department head and dean had made a decision not to renew her employment agreement without the input of the full faculty although she was given a written renewal of her employment.

17. The nonrenewal was done in contradiction to the known policies and normal procedures accorded to tenured and non-tenured members of the faculty. Such a decision was based on the false reports submitted and by Dudley, Roy, Trelewicz and Orlov jointly and severally that Gentleman was a danger to SUNY-Stony Brook because of her disability or perceived disability and prosecuted by Dudley.

18. Thus, Gentlemen was deprived of the process of facing her accusers and such was done in a manner that was timed based on the calendar to prevent her from voicing her concerns to the full faculty to challenge a patently unlawful discriminatory decision. To quote Dilip "an executive decision was made" and she was branded a troublemaker because of the prejudice and stigma associated with her disability.

## COUNT I
## SUNY-Stony Brook – Disability Discrimination
## Under the Rehabilitation Act

19. Gentleman repeats and realleges every allegation in paragraphs 1 through 18 of this Complaint with the same force and effect as though fully set forth herein.

20. At all relevant times, Gentleman and SUNY-Stony Brook had an "employee" and "employer" relationship with the meaning of the Rehabilitation Act.

21. SUNY-Stony Brook's conduct, as alleged herein, constituted unlawful

employment practices and unlawful discrimination in violation of the Rehabilitation Act by terminating Gentleman's employment because she is a person with a disability and/or perceived as a person with a disability.

22. SUNY-Stony Brook's conduct, as alleged herein, was carried out without regard for Gentleman's right to be free from disability discrimination as outlawed under the Rehabilitation Act.

23. As a result SUNY-Stony Brook's unlawful conduct, Gentleman has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including lost wages, lost benefits, lost pension and retirement earnings.

## COUNT II
## SUNY-Stony Brook - Retaliation for Engaging in
## Protected Activity Under the Rehabilitation Act

24. Gentleman repeats and realleges every allegation in paragraphs 1 through 23 of this Complaint with the same force and effect as though fully set forth herein.

25. SUNY-Stony Brook's conduct, as alleged herein, was unlawful retaliation because Gentleman's employment was wrongfully terminated by SUNY-Stony Brook while she was engaged in protective activity under the Rehabilitation Act as she was attempting to engage in an interactive process, opposing disability discrimination and exercising her rights as allowed under the Rehabilitation Act.

26. SUNY-Stony Brook's conduct, as alleged herein, constituted unlawful

employment practices and unlawful discrimination in violation of the Rehabilitation Act.

27. As a result of SUNY-Stony Brook's unlawful conduct, Gentleman has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

28. As a further result of SUNY-Stony Brook's unlawful conduct, Gentleman has suffered and or continue to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation; accordingly, Gentleman is entitled to recover damages for such injuries from SUNY-Stony Brook under the Rehabilitation Act.

## COUNT - III
## SUNY-Stony Brook – Breach of Contract

29. Gentleman repeats and realleges every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as though fully set forth herein.

30. SUNY-Stony Brook's conduct, as alleged herein, was unlawful breach of Gentlemen's employment agreement after the parties had reached an agreement on her continued employment.

31. As a result of SUNY-Stony Brook's unlawful conduct, Gentleman has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs.

## PRAYER FOR RELIEF COMMON TO ALL COUNTS

WHEREFORE, Gentleman demands judgment as follows and to grant further relief as may be necessary and proper:

(1) enter a judgment declaring the acts and/or practices of SUNY-Stony Brook to be in violation of the above described laws against discrimination;

(2) award Gentleman as against SUNY-Stony Brook, reinstatement of her position, lost wages, including without limitation back pay, bonuses, benefits, pension and retirement earnings, interest,  injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses as a result of SUNY-Stony Brook's unlawful acts of discrimination in accordance with the above described laws against discrimination under the Rehabilitation Act;

(3)  enter a judgment declaring that SUNY-Stony Brook unlawfully breached their employment agreement with Gentleman

(4) award Gentleman as against SUNY-Stony Brook, the cost of this action, together with attorneys' fees, in accordance with the above described laws against discrimination and for breach of contract.

## **JURY DEMAND**

Gentleman demands a jury trial for all issues triable by jury.

| | |
|---|---|
| December 9, 2016<br>New York, New York | Respectfully submitted,<br><br>LAW OFFICE OF<br>LOCKSLEY O. WADE, LLC<br>11 Broadway, Suite 615<br>New York, NY 10004<br>(212) 933-9180<br>(212) 933-9181 Fax<br><br><br>By: */S/  Locksley O. Wade*<br>       Locksley O. Wade, Esq.<br>       *Attorney for plaintiff* |