```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
MOLLY M. GENTLEMAN,

                        Plaintiff,

        -against-                                       Decision & Order
                                                        16-cv-2012(ADS)(AKT)
STATE UNIVERSITY OF NEW YORK – STONY BROOK,

                        Defendant.
----------------------------------------------------------------------x
```

**APPEARANCES:**

**Locksley O. Wade, Esq.**
*Attorney for the Plaintiff*
11 Broadway, Suite 615
New York, NY 10004

**Office of the New York State Attorney General**
*Attorneys for the Defendant*
200 Old Country Road, Suite 240
Mineola, NY 11501
        By:     Ralph Pernick, Assistant Attorney General

**SPATT, District Judge:**

## I. BACKGROUND AND PROCEDURAL HISTORY

On April 25, 2016, the Plaintiff Molly M. Gentleman commenced this disability discrimination and retaliation case against her former employer, the State University of New York at Stony Brook ("SUNY"), and several individual SUNY employees, alleging violations of the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983.

On May 1, 2016, the Plaintiff filed an amended complaint as of right.

On June 10, 2016, the Defendants filed a motion under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(b)(1), seeking to dismiss the amended complaint on the ground that the Court lacked subject matter jurisdiction over the Plaintiff's ADA claims, or, alternatively, under 12(b)(6) on the ground that the amended complaint failed to state a plausible claim for relief.

1

While that motion was on submission, the Plaintiff filed a second amended complaint, which was materially indistinguishable from the amended complaint, except that the claims based on violations of the ADA were replaced with identical claims under the Rehabilitation Act. The second amended complaint also added a New York state law claim for breach of contract.

In its discretion, the Court construed the second amended complaint as a cross-motion to further amend the pleading under Rule 15(a), and considered the Defendants' pending motion to dismiss as if it were directed at that version of the complaint.

On November 21, 2016, the Court issued a Memorandum of Decision & Order granting in part and denying in part the Defendants' motion to dismiss. *See Gentleman v. State Univ. of New York – Stony Brook*, 2016 U.S. Dist. LEXIS 161798 (E.D.N.Y. Nov. 21, 2016) (Spatt, J.). In particular, the Court granted the motion to dismiss the causes of action arising under § 1983, and in doing so, dismissed the action in its entirety as against the individual Defendants.

Further, the Court denied the motion to dismiss the claims against SUNY based on violations of the Rehabilitation Act and breach of contract. In this regard, the Court noted that the second amended complaint had failed to specifically allege whether SUNY received federal funding during the relevant time period, as is required to maintain a cause of action under the Rehabilitation Act. Although concluding that this deficiency did not justify dismissal, the Court granted the Plaintiff leave to file a third amended complaint for the limited purpose of adding an allegation that SUNY did, in fact, receive federal funding.

Consistent with this directive, on December 9, 2016, the Plaintiff filed a third amended complaint, which expressly alleged that, during the relevant time period, SUNY and its various science and engineering departments were the recipients of federal funds. The third amended complaint was otherwise substantially similar to the second amended complaint, and did not add any other new factual allegations.

Nevertheless, on December 23, 2016, SUNY filed a second motion to dismiss, again arguing that the Plaintiff failed to state a plausible claim under Rehabilitation Act, and that the Court lacks subject matter jurisdiction over the pendent breach of contract claim.

For the reasons that follow, that motion is granted in part and denied in part.

## II. DISCUSSION

### A. As to the Propriety of SUNY's Renewed Motion to Dismiss

Initially, the Plaintiff objects to the Defendant's motion on the ground that it contains exclusively new arguments that ostensibly could have been, but were not, previously raised in response to the second amended complaint. In defending its motion, SUNY contends that the third amended complaint superseded the second amended complaint, so that it was entitled to raise anew any arguments favoring dismissal in a responsive pleading.

Similar to the Plaintiff's impression, the Court is initially concerned with SUNY's attempt to raise a range of new arguments favoring dismissal at this juncture. Indeed, the Court granted the Plaintiff leave to amend for a very limited purpose, namely, to add plausible allegations that SUNY receives federal funding. Thus, it would seem to follow logically that the limited scope of the Court's grant of leave to amend necessarily limited to an equal degree the scope of any renewed motion to dismiss. Yet SUNY raised arguments that have nothing to do with the amendment, and seemingly could have been, but were not raised in response to the second amended complaint.

Nevertheless, the Court is mindful that a defendant's right to seek dismissal for failure to state a claim cannot be waived. *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). The Court is also mindful that, except where it appears that a motion has been interposed for the purpose of delay, successive Rule 12(b)(6) motions may be allowed. *See Clark St. Wine v. Emporos Sys. Corp.*, 754 F. Supp. 2d 474, 481 (E.D.N.Y. 2010).

Therefore, even under these somewhat unusual circumstances, the Court discerns nothing fundamentally improper about SUNY's latest motion, and declines to deny it on that ground alone.

B.  **As to Whether the Plaintiff States a Plausible Claim for Disability Discrimination under the Rehabilitation Act**

As previously noted by the Court, "Section 504 of the Rehabilitation Act provides, in relevant part, that '[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.'" *Gentleman*, 2016 U.S. Dist. LEXIS 161798, at *14-*15 (quoting 29 U.S.C. § 794(a)).

Thus, in order to state a *prima facie* claim based on discrimination under the Rehabilitation Act, the Plaintiff must plausibly allege that: (1) she is disabled within the meaning of the Rehabilitation Act; (2) she was otherwise qualified for her position; (3) she was terminated solely because of her disability; and (4) SUNY receives federal funding. *See id.* at *15.

In its latest motion, SUNY disputes whether the Plaintiff has sustained her pleading burden with regard to the first and third elements, namely, whether she plausibly alleged that she is disabled within the meaning of the statute, and if so, that she was terminated solely because of that disability.

1.  **First Element: Whether the Plaintiff is Disabled**

To properly plead a disability under the Rehabilitation Act, the Plaintiff is required to set forth facts which, if proven, would establish that: (1) she suffers from a physical or mental impairment; (2) the activity claimed to be impaired is a major life activity; and (3) her impairment substantially limits the major life activity previously identified. *See Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 147 (2d Cir. 2002).

Beyond simply identifying an impairment, this standard requires the Plaintiff to plead facts supporting a reasonable inference that she is substantially limited in her ability to engage in such major life activities as caring for herself; performing manual tasks; walking; seeing; hearing; or working. *See* 29 C.F.R. § 1630.2(h)(2)(i). In this regard, while the ability to work constitutes a major

life activity under the statute, "the inability to perform a single particular job does not constitute a substantial limitation in the major life activity of working." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, No. 05-cv-516, 2009 U.S. Dist. LEXIS 4616, at *25 (E.D.N.Y. May 14, 2009). Rather, the Plaintiff must be disabled from a broad range of jobs as compared with the average person having comparable training, skills, and abilities. *See id.*

In this case, the third amended complaint contains only a single allegation regarding the nature and/or severity of the Plaintiff's alleged disability, namely, that she was diagnosed with bipolar disorder when she was approximately 21 years old. *See* Third Am. Compl. ¶ 8. The pleading lacks any supporting facts from which the Court may draw the reasonable inference that her condition in any way impacts her ability to work or partake in any other major life activity. Although the third amended complaint alleges that she requested a reasonable accommodation that would allow her to continue her scientific research without disruption, this fact alone does not permit the Court to infer any non-speculative details regarding her impairment.

Thus, in the Court's view, the third amended complaint fails to plausibly allege that the Plaintiff is disabled within the meaning of the Rehabilitation Act. *See, e.g.*, *Kriss v. Schenectady City Sch. Dist.*, No. 08-cv-230, 2010 U.S. Dist. LEXIS 86931, at *44 (N.D.N.Y. Aug. 24, 2010) (dismissing claim under the ADA where, although the plaintiff alleged that his anxiety and irritable bowel syndrome were exacerbated by the defendants' allegedly discriminatory conduct, the complaint lacked any factual allegations regarding the impact, if any, his impairments had on his ability to work); *Chesney*, 2009 U.S. Dist. LEXIS 4616, at *25-*26 (finding proposed Rehabilitation Act claim to be futile where the complaint failed to identify what, if any, major life activity was substantially limited by plaintiff's alleged impairment; and noting that although working constitutes a major life activity, the complaint failed to allege facts to make it plausible that the plaintiff was disabled from a broad range of jobs as compared with the average person having comparable training, skills, and abilities).

However, " '[a] plaintiff who is 'regarded as' disabled is protected under the [Rehabilitation Act] even if she is not actually disabled.' " *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 605 (E.D.N.Y. 2013) (quoting *Joseph v. N. Shore Univ. Hosp.*, No. 08-cv-3799, 2011 U.S. Dist. LEXIS 14926, at *28 (E.D.N.Y. Feb. 15, 2011), *aff'd*, 473 F. App'x 34 (2d Cir. 2012)) (quoting, in turn, *Giordano v. City of New York*, 274 F.3d 740, 748 (2d Cir. 2001)).

> Until recently, a plaintiff who alleged she was "regarded as" having a disability was required to show that the perceived disability was one that "substantially limited a major life activity." [*Joseph*, 2011 U.S. Dist. LEXIS 14926, at *28]. Notably, however, the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 112 Stat. 3553 (2008) (codified as amended at 42 U.S.C. §§ 12101-12102 (1990)), set forth a new, more lenient, standard for determining whether an individual is "regarded as disabled":
>
>> An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment *whether or not the impairment limits or is perceived to limit a major life activity*.
>
> 42 U.S.C. § 12102(3)(A) (emphasis added); *see Laurent v. G & G Bus Serv., Inc.*, No. 10-CV-4055, 2011 U.S. Dist. LEXUS 77138, 2011 WL 2683201, at *5-*6 (S.D.N.Y. May 17, 2011) (quoting 42 U.S.C. § 12102(3)(A)), *adopted by* 2011 U.S. Dist. LEXIS 74348, 2011 WL 2693651 (S.D.N.Y. July 11, 2011).

*Id.* at 605-06 (footnote omitted).

In this regard, the Plaintiff is neither required to show that the disability she was perceived to have been suffering from is one that actually limits, or is perceived to limit, a major life activity, nor does she have to show that her colleagues and supervisors at SUNY had a reasonable basis for perceiving her as suffering from a disability. *See id.* at 606 (internal quotation marks and citations omitted). Rather, "the statute merely requires her to show that the employer did so perceive her." *Id.* (brackets omitted).

Applying this more lenient standard to the facts of this case, the Court finds that the third amended complaint plausibly alleges that the Plaintiff was subjected to discriminatory treatment because she was regarded as having a disabling mental impairment.

6

In particular, as outlined in the Court's prior opinion in this case, the Plaintiff alleges that she was diagnosed with bipolar disorder; that the former individual Defendants, namely, Michael Dudley, Chandrani Roy, Jason Trelewicz, and Alexander Orlov, knew of the Plaintiff's diagnosis since the fall of 2012, when her employment commenced; that Dudley made remarks indicating his belief that the Plaintiff's disorder rendered her unable to meet the requirements of her position; that Dudley, acting in concert with the other individual Defendants, made a false police report in which he indicated that the Plaintiff was "suffering from a mental disorder that was likely to cause self-harm and harm to others"; that SUNY decided not to renew the Plaintiff's employment contract because of the individual Defendants' report that the Plaintiff was dangerous "because of her . . . perceived disability"; that she was effectively terminated due to the "stigma associated with her disability"; and that SUNY violated the Rehabilitation Act "by terminating [her] employment because she is a person . . . perceived as [having] a disability."

Accepting these allegations as true, the Court finds that they support a reasonable inference that the Plaintiff was regarded by her employer as having a disability, and that this perception – true or not – was causally related to her allegedly unlawful discharge.

Accordingly, to the extent that SUNY seeks to dismiss Count I of the third amended complaint on the ground that the Plaintiff failed to plead a disability under the Rehabilitation Act, its motion for such relief is denied.

2. **The Third Element: Whether the Plaintiff was Terminated Solely Because of her Perceived Disability**

Alternatively, SUNY contends that the Plaintiff failed to plausibly allege that her disability was the sole cause of the alleged adverse employment action. In particular, SUNY notes that the complaint also alleges that the individual Defendants acted in a hostile manner toward women, thereby effectively pleading that the Plaintiff's termination was motivated by her membership in two protected classes.

However, SUNY has previously raised this issue, and the Court, in its prior opinion, has already decided it. *See Gentleman*, 2016 U.S. Dist. LEXIS 161798, at *17-*19 (concluding that the second amended complaint "clearly and repeatedly allege[d] that the Plaintiff's Rehabilitation Act claims against SUNY are rooted in unlawful discrimination based on her alleged disability" and noting that, "[a]lthough certain allegations also seem to suggest that Trelewicz and Orlov acted in a hostile manner toward women . . . in the Court's view, on the whole, the SAC cannot plausibly be read as stating a claim for gender-based discrimination").

That prior holding is dispositive as to the issue of whether the Plaintiff plausibly alleged causation on her disability discrimination claim. Therefore, SUNY's current attempt to distinguish the cases relied upon by the Court in reaching its earlier decision is misplaced. In this regard, the Plaintiff is correct in asserting that SUNY's motion essentially seeks reconsideration of the prior adverse ruling, which is neither timely nor a proper form of relief under Rule 12(b)(6).

Accordingly, to the extent that SUNY seeks to dismiss Count I of the third amended complaint on the alternative ground that the Plaintiff failed to plead the requisite causation between her disability and the allegedly discriminatory employment action, its motion for such relief is denied.

C.  **As to Whether the Plaintiff States a Plausible Claim for Retaliation under the Rehabilitation Act**

    1.  **As to Whether Retaliation Claims are Cognizable under the Rehabilitation Act**

"Although the [Rehabilitation Act] does not specifically recognize retaliation against a person for engaging in a protected act, the Department of Labor has promulgated a regulation recognizing retaliation as a prohibited activity, and the Second Circuit Court of Appeals has recognized the same." *See Powell v. Potter*, No. 10-cv-647, 2012 U.S. Dist. LEXIS 49153, at *6-*7 (W.D.N.Y. Apr. 6, 2012) (citing 29 C.F.R. § 1614.101(b); *Sands v. Runyon*, 28 F.3d 1323, 1331 n.1 (2d Cir. 1994)), *aff'd sub nom.*, *Powell v. Donahoe*, 519 F. App'x 21 (2d Cir. 2013).

Aware of this authority, but assertedly seeking "to preserve the point," SUNY states that "it is for Congress, not a regulatory authority [such as the Department of Labor] to provide for a private cause of action." *See* SUNY Memo of Law at 12.

Although it is unclear whether this statement is intended as a request for some relief, to the extent that SUNY contends retaliation is not a cognizable form of relief under the statute, its argument is foreclosed by contrary Second Circuit precedent.

2. **As to Whether the Plaintiff Stated a Plausible Retaliation Claim under the Statute**

Alternatively, SUNY argues that the Plaintiff has not plausibly alleged a claim based on retaliation under the Rehabilitation Act because, even accepting the truth of her allegations, the five-month period of time that elapsed between her protected activity, namely, requesting a reasonable accommodation, and the adverse employment action, namely, the non-renewal of her employment contract, is too long to support a reasonable inference of a retaliatory motive. The Court disagrees.

As SUNY concedes, the Second Circuit has not established a bright line rule for when protected activity is too temporally remote to demonstrate a causal connection. Thus, it is true, as SUNY suggests, that this and other district courts have routinely dismissed retaliation claims where as few as three months have elapsed between the protected activity and the allegedly retaliatory employment action. *See, e.g.*, *Davenport v. City of White Plains*, No. 12-cv-8246, 2015 U.S. Dist. LEXIS 127751, at *17 (S.D.N.Y. July 8, 2015) (citing cases for the proposition that "district courts in the Second Circuit have declined to infer a causal relationship when more than two months had elapsed between the instance of protected activity and the allegedly retaliatory act") (internal quotation marks omitted).

However, it does not necessarily follow, logically or as a matter of law, that the five-month gap in this case is decidedly too long. *See, e.g.*, *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110-11 (2d Cir. 2010) ("Though this Court has not drawn a bright line defining, for the purpose of a prima facie

case, the outer limits beyond which a temporal relationship is too attenuated to establish causation, we have previously held that *five months is not too long to find the causal relationship*") (emphasis supplied) (citing *Gorman-Bakos v. Cornell Coop. Extension of Schenectady County*, 252 F.3d 545, 554 (2d Cir. 2001)); *see also Behringer v. Lavalle Sch. for the Blind*, No. 08-cv-4899, 2010 U.S. Dist. LEXIS 134440, at *34-*35 (S.D.N.Y. Dec. 17, 2010) (finding that allegations of "escalating, negative conduct toward [the plaintiff] over an eight-month period until an opportunity to fire her presented itself" were sufficient to make out a prima face case of retaliation); *Monterroso v. Sullivan & Cromwell, LLP*, 591 F. Supp. 2d 567, 583-84 (S.D.N.Y. 2008) (despite ultimately dismissing a retaliation claim for lack of evidence of pretext, finding that a five-month gap between protected activity and an adverse employment action was sufficient to make out a prima facie case).

Accordingly, to the extent that SUNY seeks to dismiss Count II of the third amended complaint on the ground that the Plaintiff failed to plead a sufficiently close temporal proximity between her protected activity and her allegedly retaliatory termination, its motion for such relief is denied.

The Court's reasoning is not altered by the Plaintiff's reliance on selected e-mails that the Plaintiff attached to her administrative charge of discrimination. In this regard, SUNY appears to argue that one of the core facts underlying the Plaintiff's retaliation claim – namely, her alleged request for a workplace accommodation – is contradicted by related e-mail correspondence with the Plaintiff's supervisors, in which she apparently did not refer to her disability or to a reasonable accommodation. Thus, according to SUNY, the Plaintiff, in fact, may not have engaged in a protected activity under the Rehabilitation Act, and therefore has not stated a plausible claim for relief under the statute.

At best, this argument raises a factual dispute which cannot be resolved on a motion to dismiss under Rule 12(b)(6). In particular, at this juncture, when the allegations are accepted as

true; all doubts are resolved in the Plaintiff's favor; and the Court is forbidden from taking account of the complaint's basis in evidence, there is no merit in SUNY's contention that dismissal is warranted because documentary evidence arguably contradicts the Plaintiff's claim of seeking a reasonable accommodation for her disability. *Cf. Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 120 (2d Cir. 2004) (finding that questions of fact precluding summary judgment existed as to whether the plaintiff requested a reasonable accommodation; noting that, when viewing the record in favor of the plaintiff, his version of the relevant events is presumed to be the correct one).

Therefore, to the extent that SUNY seeks to dismiss Count II of the third amended complaint on this alternative ground, its motion for such relief is denied.

**D.     As to Whether the Court has Jurisdiction Over the Pendent State Law Claim**

Finally, SUNY contends that principles of sovereign immunity divest the Court of jurisdiction over the Plaintiff's pendent New York breach of contract claim. The Court agrees.

"Under the Eleventh Amendment, federal courts are barred from entertaining claims under state law brought against a state, state agency or state department, unless the state has expressly consented to the suit." *Pemrick v. Stracher*, No. 92-cv-959, 2007 U.S. Dist. LEXIS 46958, at *18 (E.D.N.Y. June 28, 2007), *aff'd*, 331 F. App'x 17 (2d Cir. 2009) (citations omitted). "SUNY is an agency of the State of New York and thus cannot be sued in federal court absent the State's consent." *Id.* at *19 (collecting cases).

Unlike the Plaintiff's claims under the Rehabilitation Act, with respect to which this Court has already held that the State of New York – and by extension SUNY – has waived its sovereign immunity, *see Gentleman*, 2016 U.S. Dist. LEXIS 161798, at *13-*14, it appears clear that state law claims for breach of contract are precluded, *see, e.g., Tessler v. Paterson*, 768 F. Supp. 2d 661, 672 (S.D.N.Y 2011), *aff'd*, 451 F. App'x 30 (2d Cir. 2011), *cert. denied*, 566 U.S. 1011, 132 S. Ct. 2442, 182 L. Ed. 2d 1064 (2012); *see also Finch v. N.Y. State Office of Children & Family Servs.*, No. 10-cv-9691, 2012 U.S. Dist. LEXIS

11

99453, at *33-*34 (S.D.N.Y. May 30, 2012); *Sank v. City Univ. of N.Y.*, 2002 U.S. Dist. LEXIS 5928, at *26 (S.D.N.Y. Apr. 2, 2002) (noting that "[a] number of courts have held that the State [of New York] has not consented to suit for breach of contract claims and thus held that federal courts lacked jurisdiction to hear breach of contract claims against state entities"; citing related authority).

Accordingly, to the extent that SUNY seeks to dismiss Count III of the third amended complaint on the ground that the Plaintiff's pendent New York breach of contract claim is barred by principles of sovereign immunity, its motion for such relief is granted.

### III. CONCLUSION

Based on the foregoing, the Court grants in part and denies in part SUNY's motion to dismiss the third amended complaint.

In particular, having found that the Plaintiff alleged sufficient facts to make it plausible that she was regarded by her employer as having a disabling mental condition, and was terminated based on that perception, the Court denies the motion to dismiss Count I of the complaint based on unlawful termination under the Rehabilitation Act.

Further, having found that the five-month period of time between the Plaintiff's alleged request for a reasonable accommodation and her termination is not so temporally remote as to preclude a claim for retaliation under the Rehabilitation Act, the Court also denies the motion to dismiss Count II of the complaint.

However, the Court finds that settled principles of sovereign immunity bar the Plaintiff's ability to maintain a common law breach of contract claim against SUNY. Therefore, the Court grants the motion to dismiss Count III of the third amended complaint.

It is **SO ORDERED:**

Dated: Central Islip, New York
June 6, 2017

/s/ *Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge