**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
MOLLY M. GENTLEMAN,

                                  Plaintiff,                  **INITIAL CONFERENCE AND
CASE MANAGEMENT ORDER**

      - against -
                                                                   CV 16-2012 (ADS) (AKT)

STATE UNIVERSITY OF NEW YORK –
STONY BROOK, MICHAEL DUDLEY,
CHANDRANI ROY, JASON TRELEWICZ,
and ALEXANDER ORLOV,

                                  Defendants.
-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Defendant's counsel filed a motion seeking to compel the Plaintiff to update her employment and income information vis-à-vis Plaintiff's ongoing obligation to mitigate her damages. *See* DE 65. According to Assistant Attorney General Logue, she made a request by email for Plaintiff's counsel, Locksley Wade, Esq. to send updated salary and financial information, responsive to the previous requests. He replied "[d]iscovery is closed and there will be no updates." DE 65 at 2. Plaintiff's counsel opposes the motion, pointing out that Defendant's counsel failed to comply with the obligations set forth in Local Civil Rule 37.3 to meet and confer before seeking court intervention on a discovery dispute. In addition, Plaintiff's counsel states that during a June 7, 2018 Status Conference, two attorneys were present on behalf of the defendant and they "took copious notes." DE 67. On that basis, Plaintiff's counsel asserts that "it is not a secret that the defendant was fully aware of Plaintiff's employment status since the mentioned Status Conference." Having reviewed both submissions, the Court hereby DENIES

Defendant's motion, without prejudice, for failure to comply with Local Rule 37.3. Defendant's counsel is free to renew the motion once she can demonstrate compliance with the Rule.

The Court cautions and points out in determining whether a plaintiff has met his duty to mitigate, a court must look at whether the plaintiff has used reasonable diligence in his search for comparable employment. *See Dunlap–McCuller v. Riese Organization,* 980 F.2d 153, 159 (2d Cir.1992), *cert. denied,* 510 U.S. 908, 114 S.Ct. 290, 126 L.Ed.2d 239 (1993) (plaintiff has the duty to exercise reasonable diligence in mitigating damages by seeking alternative employment). "The defendant, however, bears the ultimate burden of proving that a plaintiff has not fulfilled his duty to mitigate damages (citation omitted). In order to prove a failure to mitigate damages, a defendant 'must show that the course of conduct plaintiff actually followed was so deficient as to constitute an unreasonable failure to seek employment' in order to meet its 'extremely high' burden of proving a failure to mitigate." *Greenway v. Buffalo Hilton Hotel*, 951 F. Supp. 1039, 1059 (W.D.N.Y. 1997), aff'd as mod., 143 F. 3d 47 (2d Cir 1998). Keeping these different burdens in mind, a plaintiff's mitigation efforts "are ongoing and accrue up until trial." *Equal Empl. Opportunity Commn. v. United Health Programs of Am., Inc.*, 14-CV-3673, 2017 WL 10088567, at *14 (E.D.N.Y. Sept. 4, 2017). For example, in *Equal Empl. Opportunity Commn.,* Judge Matsumoto directed that the plaintiffs disclose all additional mitigation efforts within two weeks of her Order and that they continue to do so every 30 days until two weeks prior to trial. *Id*. The Court directs counsel for both sides to include a discussion of these principles during their anticipated meet-and-confer.

**SO ORDERED.**

Dated: Central Islip, New York
April 11, 2019

/s/ A. Kathleen Tomlinson

A. KATHLEEN TOMLINSON
U.S. Magistrate Judge